Gabrielli, J.
(concurring). I concur in the result reached by Judge Fuchsberg, because the separation agreement was impliedly and completely revoked either ab initio due to the absence of any actual separation, or subsequently upon the reconciliation of the parties thereto. And I agree that either a reconciliation or a failure to actually separate after entering into a separation agreement cancels the unexecuted portions of the agreement. The principle that a reconciliation or failure to actually separate constitutes an implied revocation of the agreement in its entirety and a cancellation of the unexecuted parts thereof, is founded upon the judicial sensitivity to the reasonable and legal expectations of contracting parties that a separation agreement will continue in effect only while they are actually separated.
The general rule that a reconciliation or failure to separate will revoke the agreement and cancel any unexecuted portions thereof is, of course, as applicable to a waiver of the right of election as it is to the transfer of title to property while the parties were still separated (see 2 Foster and Freed, Law and the Family, § 28.50). This rule is grounded, however, upon the presumed intent of the parties, and should not be applied when a contrary intent is clear. More importantly, in many cases such an implied revocation of the agreement should also be deemed a cancellation of any property transfers made pursuant to the agreement. In the case before us, of course, there was no request that the widow’s assertion of her right of election be conditioned upon her returning to the estate properties transferred to her pursuant to the separation agreement, but, in an appropriate case, and with due regard to any rights of third parties, a court may quite properly grant such relief.*
*68 Accordingly, I concur and vote to affirm the order appealed from.
Judges Jasen, Jones and Wachtler concur with Judge Fuchsberg; Judge Gabrielli concurs in a separate opinion in which Chief Judge Cooke and Judge Meyer concur.
Order affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.

 I note that it is, of course, impossible to determine the practical result of such an inquiry in any given case without a full record. In the instant case, for example, it *68 seems that the property settlement resulted in three houses being transferred to the wife and three houses being transferred to the husband. It may well be that all six houses were owned by the parties as tenants by the entirety, in which case it might well be that the wife should not be required to return the three houses to the estate in this case. If the three houses she received were approximately equal in value to her real interest in the properties owned by the couple at the time, it might well be improper to require her to return the property. Such a determination, however, can only be made on a full record and after a fair exposition of the facts.